VAUGHN *v.* STATE.[*]

(Division B.   Oct. 11, 1926.)

[109 So. 727.   No. 25992.]

CRIMINAL LAW.   *Failure to require election between acts of intercourse held not available on appeal, where defendant obtained instructions assuming conviction could be on any act.*

Defendant in rape may not complain on appeal that jury were not confined to consideration of one act of intercourse, he hav-

ing made no request to require election, but obtained instructions assuming it would be duty to convict, if any act of intercourse was sufficiently proven.

*Corpus Juris-Cyc References:   Criminal Law, 17CJ, p. 73, n. 79 New; p. 209, n. 85; p. 210, n. 95.

APPEAL from circuit court of Prentiss county.

HON. C. P. LONG, Judge.

John Vaughn was convicted of rape, and appeals. Affirmed.

*Friday & Windham,* for appellant.

It seems to be settled law in charges of statutory rape, like the case at bar, that the prosecution is permitted to show as many separate and distinct acts of intercourse as it may desire; that each act so shown constitutes a separate and distinct offense upon each of which defendant may be separately tried and convicted; that when the indictment, as the one in the case at bar, contains but one count and charges but one act, the prosecution when it proceeds to show several separate and distinct acts of intercourse must at some stage of the trial elect upon which act it will rely for a conviction.

Authorities although agreed that there must be an election are not agreed as to the time when the prosecution is required to elect. One theory is that the prosecution is not required to elect the particular act upon which it will rely until the close of the case; another is that it should be made at the commencement of the trial. 22 R. C. L. 1227, art. 63.

The theory apparently adopted by this court is that when the prosecution at the commencement of the trial fails to inform defense, upon the proof of what specific offense the state intends to rely for a conviction, then the first evidence which would tend in any degree to prove an offense shall be deemed an election. *Collier* v. *State,* 106 Miss. 613 at 618. See, also, *People* v. *Jennise,*

5 Mich. 305; *State* v. *Acheson,* 91 Me. 240, 39 Atl. 570; *State* v. *Hilberg,* 22 Utah, 27, 61 Pac. 215; *People* v. *Williams,* 133 Cal. 165, 65 Pac. 323; *People* v. *Clark,* 33 Mich. 112.

It is clear, in the case at bar, that the prosecution will be deemed to have elected to rely for a conviction upon the act which occurred in the little house on the date when prosecutrix and the defendant were caught by her mother. It is clear also that this act was not perpetrated and that the defendant as suggested in the second assignment of error, should be acquitted because of a variance between the charge in the indictment and the proof of the precise offense elected.

If wrong in our contention above, then surely in the case at bar, from the sweeping assertion of prosecutrix, that the defendant had intercourse with her lots of times, without any particularity as to time and attending circumstances, it was the duty of the trial court, even in the absence of a request by the defendant, to compel the prosecution, at some stage in the trial, to elect what particular act it would rely upon for a conviction. A well-reasoned and highly constructive opinion in support of this theory is *State* v. *Palmsburg,* 116 A. S. R. 476, 199 Mo. 233. See, also, *People* v. *Williams,* 133 Cal. 168, 65 Pac. 323.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

Counsel for appellant admit that the state had a right to prove "as many separate and distinct acts of intercourse as it may desire." They contend, however, that after the state had proved more than one act, it was the duty of the court to require the district attorney to elect which specific act he would rely upon for a conviction. This contention cannot be sustained for the following reasons:

(1) They did not move the court to require the district attorney to make an election either before or after the introduction of the testimony. It must be remembered that this proof went to the jury without objection on the part of the defendant, indeed it seems from the cross-examination of prosecutrix by defendant's counsel, that they insisted that Ora Lee tell of each and every separate act of intercourse. There was no motion to exclude same and no motion to require an election.

(2) The defendant did not request an instruction limiting the jury to a certain time and place and to a certain specific act upon which to base its verdict. It is well settled that a trial judge cannot instruct a jury with reference to the law of the case unless requested to do so in writing. *Love* v. *State,* 107 So. 667.

(3) The defendant waived his right, if any he had, to require an election, by requesting two instructions which recognize the right of the jury and in fact instruct it to determine the specific act of which the defendant is guilty. If these instructions do not state the law correctly, appellant cannot now complain, because they were given at his request.

In *Collier* v. *State,* 106 So. 613, the court held that only one specific act could be proved under an indictment charging rape; and in *Kolb* v. *State,* 129 Miss. 834, that subsequent acts could not be proved, but these cases do not apply to the case at bar because there were no objections to this testimony as there was in the cases cited.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted in the circuit court of Prentiss county, under section 1358, Code of 1906 (Hemingway's Code, section 1092) for the rape of a female child under twelve years of age, and convicted and sentenced to the penitentiary for the term of his natural life. From that judgment, appellant prosecutes this appeal.

On the trial several acts of sexual intercourse were proven between appellant and the injured female. At

no stage in the trial did the court require the state to
elect upon which act of sexual intercourse it would rely
for conviction.  Appellant argues that the failure of the
court below in that respect is reversible error.  The rec-
ord also shows that at no stage during the trial did ap-
pellant request the court to require the state to make such
election.  On the contrary, appellant requested two in-
structions, which were granted by the court, which in ef-
fect assumed that it would be the duty of the jury to con-
vict appellant, if any one act of sexual intercourse had
been proven beyond reasonable doubt.

We are of opinion that, under the state of the record
in this case, appellant has no right to complain that the
jury were not confined, in their consideration, to only
one act of sexual intercourse.

We find no merit in appellant's other contentions, and
do not deem them of sufficient gravity to call for a dis-
cussion by the court.

*Affirmed.*